UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

OZELL STANLEY,

      Plaintiff,

v.

ONONDAGA COUNTY; ONONDAGA COUNTY
SHERIFF TOBIAS SHELLEY; ONONDAGA COUNTY
DEPUTY SHERIFF SANDERSON; and JOHN DOE(S) and
JANE DOE(S),

      Defendants.

**COMPLAINT**

Jury Trial Demanded

9:24-cv-1434 (MAD/TWD)

Plaintiff, OZELL STANLEY, by and through his attorneys, Bosman Law, LLC, as and for his Complaint against Defendants ONONDAGA COUNTY; ONONDAGA COUNTY SHERIFF TOBIAS SHELLEY; ONONDAGA COUNTY DEPUTY SHERIFF SANDERSON; and JOHN DOE(S) AND JANE DOE(S), alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, Ozell Stanley, brings this action pursuant to the Constitutions and laws of the United States and the State of New York. Plaintiff seeks compensatory, punitive, and declaratory relief for the deprivation of his rights while he was in the custody and care of Defendants.

**JURISDICTION AND VENUE**

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1367, and the Constitutions and laws of the State of New York and the United States of America.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. On or about March 24, 2024, Plaintiff duly served a Notice of Claim on Defendants in accordance with New York General Municipal Law § 50-e. At least thirty days have

elapsed since the service of such notice and payment thereof has been neglected or refused. An examination of Plaintiff pursuant to New York General Municipal Law § 50-h was scheduled for September 25, 2024 but cancelled at the last minute by counsel for Defendants. Despite repeated efforts on behalf of Plaintiff to re-schedule his examination, Defendants have failed to respond with any dates to do so. Defendants have thus waived their entitlement to an examination of Plaintiff under General Municipal Law § 50-h.

## PARTIES

5. Plaintiff Ozell Stanley is a Black citizen of the United States and a resident of the County of Onondaga and State of New York. At all times relevant to this Complaint, Plaintiff was in the custody, care, and control of Defendants as a pretrial detainee.

6. Defendant Onondaga County (Defendant County) is a municipal corporation organized and existing under the laws of the State of New York. At all times relevant to this Complaint, Defendant Onondaga County is responsible for the care and custody of Plaintiff and for the policies, practices, customs, supervision, and training of the county's officers, agents, servants, and employees at the Onondaga County Justice Center.

7. The Onondaga County Justice Center (Justice Center) is a pre-trial detention facility under the authority of the State of New York and control of Defendants Onondaga County and Sheriff Tobias Shelley. At all times relevant to this Complaint, the Onondaga County Justice Center is responsible for the care and custody of Plaintiff and for the policies, practices, customs, supervision, and training of its officers, agents, servants, and employees.

8. Defendant Sheriff Tobias Shelley, at all times relevant to this Complaint, is the duly elected Sheriff of Onondaga County. As Sheriff, Defendant Shelley is a policymaking official within the Onondaga County Sheriff's Office and responsible for the policies, practices, customs, supervision, and training of the Onondaga County Sheriff's Office's officers, agents, servants, and employees at the Onondaga County Justice Center.

9. Defendant Sanderson, at all times relevant to this Complaint, is a duly appointed Custody Deputy Sheriff of Onondaga County charged with implementing and enforcing the policies of the County and the Sheriff.

10. Defendants John Doe(s) and Jane Doe(s), whose identities and names are not yet known, are employees and agents of the other named defendants. Said individuals include the Custody Deputies who participated in the assault and battery of Plaintiff; aided, abetted, and/or failed to intervene in the assault of Plaintiff; and denied Plaintiff adequate medical care to which he was entitled, and aided and abetted and/or failed to intervene to provide Plaintiff with adequate medical care and treatment.

11. The acts herein complained of were done under the color of law and under authority granted to Defendants by virtue of state and county laws, statutes, regulations, customs, and policies. Each Defendant acted under color of law and is equally responsible and legally accountable for the unlawful conduct of the others.

## FACTS

12. On or about January 21, 2024, while incarcerated as a pretrial detainee at the Justice Center, Plaintiff was subjected to assault and battery by Defendant Sanderson and John Does. Except where stated otherwise, all of the events underlying the instant Complaint occurred at the Justice Center, 555 South State Street, Syracuse, New York 13202.

13. On the aforementioned date, while locked in his cell, Defendant Sanderson (who was not the custody deputy assigned to Plaintiff's "pod" at this time) sought to intimidate and frighten Plaintiff, threatened to "beat [Plaintiff's] ass," and called him a "nigger." He additionally aimed his mace canister at Plaintiff as if he was about to spray it at Plaintiff or was threatening to do so.

14. Defendant Sanderson left and returned to Plaintiff's cell approximately four hours later, at or around 7:00-8:00 p.m. Upon his return, Sanderson and the custody deputy assigned to Plaintiff's pod (John Doe) went into Plaintiff's cell and removed his chair.

15. Defendant Sanderson told Plaintiff, who was lying on his bed, to stand up. Plaintiff questioned why, as he was trying to sleep and did not have pants on. Sanderson then removed Plaintiff's blanket and handed it to the John Doe custody deputy assigned to the pod, who was standing outside the cell.

16. Defendant Sanderson again told Plaintiff to get up. Before giving an opportunity to comply, Sanderson began hitting Plaintiff in the face repeatedly with his knee. Plaintiff began screaming and attempted to protect himself from the ongoing attack.

17. Sanderson then summoned other custody deputy John Does who entered Plaintiff's cell, and with Sanderson, threw Plaintiff to the ground, handcuffing him, and pushing his legs back against the handcuffs. Sanderson then got on the ground, wrapped a hand around Plaintiff's neck and choked him, while continuing to forcibly hit Plaintiff in the face with his knee. The other John Doe custody deputies present failed and/or refused to intervene or otherwise attempt to stop Sanderson from continuing to assault Plaintiff. Rather, they held Plaintiff and blocked him from protecting himself as he was trying to protect and cover his face and get away from Sanderson. At some point during the attack, Plaintiff

was further hit and shocked by a taser or similar device on his back one or two times. The custody deputies subsequently removed the handcuffs and left Plaintiff on the floor of his cell bloody and broken when the beating was finished.

18. While the attack was ongoing, at least one other inmate (in the cell next to Plaintiff's) was heard to say, in sum and substance, "leave Stanley alone" and "what are you doing to him?"

19. Thereafter, a nurse observed Plaintiff's injuries, excitedly remarked "oh my god!" and stated that Plaintiff needed to go to a hospital. Two other custody deputies came to bring Plaintiff to the hospital. Plaintiff was not provided any medical treatment or attention while at the Justice Center. The custody deputies transported Plaintiff to the Community Campus of Upstate Medical University Hospital in the back of an SUV.

20. While at the hospital, Plaintiff received treatment for his injuries and had medical tests performed. Plaintiff learned that the medical providers at the hospital advised that he should be kept at the hospital overnight and additional tests performed, but the Defendants did not permit him to do so and instead returned him to the Justice Center while still needing medical treatment and still suffering in pain. Doctors also advised that they wanted to refer Plaintiff to a specialist for further examination.

21. The next day, Plaintiff was taken to the Community Campus of Upstate Medical University Hospital and again hospitalized. Additional tests and x-rays were conducted and it was determined that Plaintiff's hyoid bone had been broken or fractured by the assault and battery. Upon information and belief, this pain, injury, and harm was exacerbated by Defendants' refusal to allow Plaintiff the medically advised treatment the prior day.

22. Plaintiff was again removed by Defendants from the Community Campus of Upstate Medical University Hospital, returned to the Justice Center the same day, and taken to yet a third hospital (Crouse Health Hospital) the next day and thereafter transferred to University Hospital.

23. Plaintiff suffered extreme physical injuries, including, *inter alia,* a broken hyoid bone and fractures to both eye sockets. Plaintiff's jaw and teeth were also broken and injured by the Defendants and pushed through his lip. To the present day, Plaintiff's teeth remain loose. Plaintiff was also denied eye drops that were prescribed by medical providers.

24. The misconduct of Defendants Sanderson and Does described in the above paragraphs was undertaken pursuant to the custom, policy and/or practice of the Onondaga County Sheriff's Office in that, as a matter of both policy and practice, the Onondaga County Sheriff's Office encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, discipline, or otherwise control its officers relative to the use of force and by failing to adequately punish and discipline prior as well as the instant instances of similar unconstitutional misconduct. It thus encourages future abuses such as those inflicted upon Plaintiff, and its failure to do so manifests reckless and deliberate indifference, shocks the conscience, and demonstrates contempt for the law.

25. Upon information and belief, the Defendants have implemented a custom, policy or practice of conducting investigations designed to absolve officers of wrongdoing based solely on accounts of the officers accused of wrongdoing and/or their co-workers without regard to the plausibility of those accounts, any information from the alleged victim, or an evaluation of medical evidence tending to disprove officers' accounts. In the instant

matter, and consistent with said custom, policy or practice, Defendants did not seek to interview or question Plaintiff regarding the incident underlying this action, nor, upon information and belief, did they consider the medical evidence which proves that the injuries Plaintiff sustained could only have been sustained as a result of excessive use of force.

26. The above-mentioned Defendant custody deputies also acted pursuant to the custom, policy, and practice of Onondaga County and its Sheriff's Office of racial discrimination of Black inmates who are treated worse than White inmates, including, but not limited to, denying inmates necessary medical care, basic care, and otherwise treating them as second-class citizens.

27. This disparate treatment includes denying Black inmates breakfasts and other necessities. Among other mistreatment, the Plaintiff was only allowed two showers within the span of a month, while showers for other, White inmates were given every other day. Similarly, Plaintiff was denied toothpaste when requested and had to wait two days for tissues. White inmates are not denied such basic needs and are provided same in a reasonable time frame. Custody deputies routinely use racial slurs to refer to inmates, including "nigger," and, upon information and belief, such instances have occurred in the presence of or with the knowledge of superior officers without correction, discipline, or even admonition.

28. At the time that Plaintiff was detained at the Justice Center and was dependent on the above-named Defendants to meet his needs for medical care and treatment, it was the custom, policy, and practice of Defendants to deny or limit the medical care available to the pre-trial detainees at said facility. This included, without limitation, limiting and/or

failing to provide medical treatment and care at the facility, denying or limiting patient access to direct care by a licensed physician or other qualified medical professional, and limiting access to medical services and medical interventions without regard to the medical necessity of same and/or the recommendations of medical professionals.

29. Each Defendant, including Defendant Sheriff Shelley, has direct and/or constructive knowledge of said unlawful customs and practices, but deliberately and/or recklessly failed to correct, eliminate, or cease such practices.

30. In addition to the above-mentioned injuries, Plaintiff continues to suffer from strong migraines that he never experienced before the attack as well as severe emotional distress.

31. As a result of Defendants' unlawful actions and omissions, Plaintiff has been subjected to, *inter alia*, deprivation of his constitutional rights, physical pain and suffering, severe emotional distress, humiliation, indignity, shame, anxiety, and depression. Said harms were substantially and proximately caused by the acts and omissions of Defendants set forth herein.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR ASSAULT AGAINST DEFENDANTS SANDERSON, COUNTY OF ONONDAGA, AND DOES

32. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 31 above with the same force and effect as if set forth fully herein.

33. Defendants', Sanderson's and Does' actions placed Plaintiff in immediate apprehension of harmful or offensive conduct. At no time did Plaintiff consent to such contact.

34. Said actions constitute assault under New York State law.

35. Defendant County is vicariously liable for Defendants', Sanderson's and Does' assault against Plaintiff pursuant to the doctrine of *respondeat superior*.

36. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages as set forth herein, and is entitled to compensation therefor.

**AS AND FOR A SECOND CAUSE OF ACTION**
**FOR BATTERY AGAINST DEFENDANTS SANDERSON, COUNTY OF ONONDAGA, AND DOES**

37. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 36 above with the same force and effect as if set forth fully herein.

38. Defendants, Sanderson and Does, with knowledge and forethought, unlawfully, intentionally, and recklessly touched and battered Plaintiff, with knowledge that such touching and battering was without his lawful consent.

39. Said actions constitute battery under New York State common law.

40. Defendant County is vicariously liable for Defendants', Sanderson's and Does' battery against Plaintiff pursuant to the doctrine of *respondeat superior*.

41. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages as set forth herein and is entitled to compensation therefor.

**AS AND FOR A THIRD CAUSE OF ACTION**
**FOR VIOLATION OF PLAINTIFF'S**
**FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANTS**
**ONONDAGA COUNTY, SHELLEY, SANDERSON, AND DOES**

42. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 41 above with the same force and effect as if set forth fully herein.

43. While confined as a pre-trial detainee, Plaintiff was constitutionally entitled to be free from violation of his bodily integrity and to be free from assault, battery, excessive force, and/or threats.

44. Defendants Sanderson and Does, assaulted, battered, used excessive force against, and threatened Plaintiff in violation of the Fourteenth Amendment to the U.S. Constitution.

45. The other Defendants failed to intervene to stop and/or actively participated in the above-referenced violations.

46. As alleged herein, Defendants Onondaga County and Sheriff Tobias Shelley maintained an unconstitutional custom, policy, and practice that led to the assault, battery, and use of excessive force against Plaintiff. Said Defendants have direct and/or constructive knowledge of said unlawful customs and practices, but deliberately and/or recklessly failed to correct, eliminate, or cease such practices.

47. These Defendants further failed to supervise and/or train corrections officers at the Justice Center to avoid the aforementioned serious violations of inmates' constitutional and civil rights.

48. The above stated acts were done with malice and/or reckless indifference to Plaintiff's civil and constitutional rights.

49. As a direct and proximate result of said unconstitutional actions and/or omissions, Plaintiff suffered damages as set forth herein.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANTS ONONDAGA COUNTY, SHELLEY, SANDERSON, AND DOES

50. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 49 above with the same force and effect as if set forth fully herein.

51. While confined as a pre-trial detainee, Plaintiff was constitutionally entitled to equal treatment under the law and to be free from disparate treatment, assault, battery, intimidation, excessive force, and threats because of his race.

52. The above stated acts and/or omissions of Defendants were in violation of Plaintiff's rights secured under the Fourteenth Amendment to the Constitution of the United States.

53. As alleged herein, Defendants Onondaga County and Sheriff Tobias Shelley maintained a custom, policy, and practice of discrimination and hostility in the Justice Center. Said Defendants have direct and/or constructive knowledge of said unlawful customs and practices, but deliberately and/or recklessly failed to correct, eliminate, or cease such practices.

54. These Defendants further failed to supervise and/or train custody deputies at the Justice Center to avoid the aforementioned serious violations of inmates' constitutional and civil rights.

55. The above stated acts were done with malice and/or reckless indifference to Plaintiff's civil and constitutional rights.

56. As a direct and proximate result of said unconstitutional actions and/or omissions, Plaintiff suffered damages as set forth herein.

**AS AND FOR A FIFTH CAUSE OF ACTION
FOR VIOLATION OF PLAINTIFF'S
FOURTEENTH AMENDMENT RIGHTS AGAINST DEFENDANTS
ONONDAGA COUNTY, SHELLEY, SANDERSON, AND DOES**

57. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 56 above with the same force and effect as if set forth fully herein.

58. While confined as a pre-trial detainee, Plaintiff was constitutionally entitled to medical treatment for his serious medical needs.

59. Following the assault and battery of Plaintiff, the need for medical treatment was easily recognizable, yet Defendants provided no medical treatment to him at the Justice Center.

60. Defendants subsequently removed Plaintiff from the hospital and returned him to the Justice Center against the advice and recommendation of medical professionals.

61. By disregarding the risk of harm and failing to provide Plaintiff with adequate medical treatment, Defendants' actions and/or omissions constitute deliberate indifference to his serious medical needs.

62. As alleged herein, Defendants Onondaga County and Sheriff Tobias Shelley maintained a custom, policy, and practice that led to the unconstitutional deprivation of medical treatment from Plaintiff. Said Defendants have direct and/or constructive knowledge of said unlawful customs and practices, but deliberately and/or recklessly failed to correct, eliminate, or cease such practices.

63. These Defendants further failed to supervise and/or train corrections officers at the Justice Center to avoid the aforementioned serious violations of inmates' constitutional and civil rights.

64. The above stated acts were done with malice and/or reckless indifference to Plaintiff's civil and constitutional rights.

65. As a direct and proximate result of said unconstitutional actions and/or omissions, Plaintiff suffered damages as set forth herein.

### AS AND FOR A SIXTH CAUSE OF ACTION
### FOR VIOLATION OF NEW YORK CIVIL RIGHTS LAW § 79-n
### AGAINST DEFENDANT SANDERSON

66. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 65 above with the same force and effect as if set forth fully herein.

67. Defendant Custody Deputy Sanderson intentionally selected Plaintiff for harm, and caused him injury and harm, as set forth herein, in whole or in substantial part because of a belief or perception regarding Plaintiff's race.

68. As a direct and proximate result of said unlawful acts, Plaintiff suffered damages as set forth herein.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### FOR NEGLIGENCE AGAINST ALL DEFENDANTS

69. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 68 above with the same force and effect as if set forth fully herein.

70. Defendants had a duty to provide Plaintiff an environment free from assault, battery, excessive force, and discrimination.

71. Defendants knew or should have known that their actions constituted assault, battery, excessive force, and discrimination and thereby breached their duty to Plaintiff.

72. As a direct and proximate result of their unlawful acts, Plaintiff suffered damages as set forth herein.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### FOR NEGLIGENCE AGAINST ALL DEFENDANTS

73. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 72 above with the same force and effect as if set forth fully herein.

74. Defendants had a duty to provide Plaintiff timely and appropriate medical care and treatment.

75. Defendants failed to provide timely and appropriate medical care and treatment to Plaintiff and thereby breached their duty to him.

76. As a direct and proximate result of their unlawful acts, Plaintiff suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks judgment against Defendants as follows:

a. compensatory damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

b. punitive damages in an amount to be determined at trial;

c. attorneys' fees, costs, and disbursements of this action;

d. declaratory relief finding Defendants violated Plaintiff's rights; and

e. such other and further relief the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: November 25, 2024
   at Blossvale, New York

A.J. Bosman, Esq.
Robert Strum, Esq.
Bosman Law, LLC
*Attorneys for Plaintiff*
3000 McConnellsville Road
Blossvale, New York 13308
Tel: (315) 820-4417

Norman P. Deep, Esq.
*Attorney for Plaintiff*
P.O. Box 300
Clinton, New York 13323
Tel: (315) 725-2008